1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILSON LYDELL,

              Plaintiff,

     v.

OFFICER TRAIN,

              Defendant.

Case No.: C 14-0940 JSC (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against an officer working at the jail.[1]  His application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is ordered served upon Defendant.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. 1.)

1   U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or

2   any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim

3   upon which relief may be granted," or "seeks monetary relief from a defendant who is

4   immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.

5   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

6       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

7   the claim showing that the pleader is entitled to relief."   "Specific facts are not necessary; the

8   statement need only give the defendant fair notice of what the . . . . claim is and the grounds

9   upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

10  Although to state a claim a complaint "does not need detailed factual allegations, . . . a

11  plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than

12  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

13  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

14  level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

15  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."

16  *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*,

17  901 F.2d 696, 699 (9th Cir. 1990).

18      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

19  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

20  that the alleged violation was committed by a person acting under the color of state law.  *West*

21  *v. Atkins*, 487 U.S. 42, 48 (1988).

### LEGAL CLAIMS

24      When liberally construed, Plaintiff's allegation that Defendant Officer Train threatened

25  to break his arm, and then slammed his left arm and hand against a wall and finger printing

26  machine until Plaintiff broke his hand and wrist, states a cognizable claim for the use of

27  excessive force.  Accordingly, the complaint will be ordered served upon Officer Train.

United States District Court
Northern District of California

**CONCLUSION**

1.    The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on Officer Train at the Santa Clara County Main Jail.

The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this order to the Santa Clara County Counsel's Office.

2.    Defendant shall complete and file the Magistrate Judge jurisdiction consent form within **91 days** of the date this order is filed.  If Defendant consents to a Magistrate Judge's jurisdiction, then:

a.    Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

b.    No later than **91** days from the date this order is issued, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

c.    At the time the dispositive motion is served, Defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

d.    Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

United States District Court
Northern District of California

1  pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele*

2  *v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

3      If Defendants file an unenumerated Rule 12(b) motion to dismiss claiming that Plaintiff

4  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

5  Plaintiff should take note of the attached page headed "NOTICE -- WARNING

6  (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108,

7  1120 n. 14 (9th Cir. 2003).

8      e. Defendant **shall** file a reply brief no later than **14** days after the opposition is filed.

9      f. The motion shall be deemed submitted as of the date the reply brief is due. No

10  hearing will be held on the motion unless the court so orders at a later date.

11      3. All communications by Plaintiff with the Court must be served on Defendants, or

12  Defendants' counsel once counsel has been designated, by mailing a true copy of the

13  document to Defendants or Defendants' counsel.

14      4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

15  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

16  parties may conduct discovery.

17      5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

18  informed of any change of address by filing a separate paper with the clerk headed "Notice of

19  Change of Address." He also must comply with the Court's orders in a timely fashion.

20  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

21  Federal Rule of Civil Procedure 41(b).

22      **IT IS SO ORDERED.**

23  Dated: March 31, 2014

24                   JACQUELINE SCOTT CORLEY

25                   UNITED STATES MAGISTRATE JUDGE

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

    If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

    Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

United States District Court

Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE -- WARNING (EXHAUSTION)**

If Defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If Defendant files a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.